### No. 212
### OHIO GAS, LIGHT & COKE CO. v. LAKE SHORE POWER CO.
Ohio Appeals, 6th Dist, Lucas County.
No. 1538.　Decided Jan. 26, 1925.

973.—PUBLIC UTILITIES—Company buying electrical current for distribution is not a consumer, and rates pertinent to their business are not subject to the jurisdiction of the Public Utilities Commission.. Current so sold is not dedicated to public use.

2. Electric Current not to be shut off to enforce disputed claim.

RICHARDS, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

In the Lucas Common Pleas, an action was brought by the Lake Shore Power Co against the Ohio Gas, Light & Coke Co. in which the Power Co. endeavored to recover money for electrical current purchased by the Light Co. It seems that the Power Co. had bought out its predecessor, the Toledo and Indiana Rd. Co., who in the past had sold to the Light Co. all surplus current, generated in their power house for the operation of the railroad. This current in turn was distributed by the Light Co. for consumer's use, in Delta.

In June 1924, when the Lake Shore Co. took over the power plant it demanded of the Light

Co. a sum of $37,324.72 for current supplied since 1920 by the original contract with the Railroad Co., on the ground that the Railroad Co. had filed with the Public Utilities Commission a schedule fixing the rate higher than that for which was contracted and ordered by an ordinance of the Village of Delta. The Common Pleas held in favor of the Power Co. evidently on the ground that the sale of current to the Light Co. was as to a consumer, and since the generating of current was a public utility, it came within the province of the Commission.

The Light Co. appealed the case and seeks to obtain an injunction to restrain the Power Co. from shutting off the current, because of the non-payment of the additional sum of $37,324.72; since the supply of current was to continue for some time, in accordance with the provisions in the original contract.

The Court of Appeals held:

1. The contract entered into was a private contract for supplying electrical current to a company which is not a consumer.

2. The current so sold is not dedicated to the public use.

3. The rates therein fixed are not subject to being raised or lowered by schedules thereafter filed with the Public Utilities Commission.

4. The Power Co. ought not to be permitted to shut off the supply of electrical current in order to enforce the payment of a disputed claim.

Demurrer of the Power Co. to the amended petition of the Light Co. was overruled.

**Attorneys**—P. R. Taylor, for Light Co.; Smith, Baker, Effler & Eastman for Power Co.; all of Toledo.